UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>LENARD GIBBS,<br>        Defendant.<br>_____ | )<br>)<br>)<br>) Case No. 1:17-CR-207<br>)<br>)<br>)<br>) |

### PRELIMINARY[1] MOTION TO EXCLUDE OUT-OF-COURT AND IN-COURT EYEWITNESS IDENTIFICATIONS AND REQUEST FOR HEARING

COMES NOW, the defendant, LENARD GIBBS, by and through his undersigned counsel, pursuant to the Sixth and Fifth Amendments to the United States Constitution and moves this Court to exclude evidence of, and testimony concerning, any pre-trial identification made of Mr. Gibbs by any witness in the above-styled case involving a photographic line-up or interview procedure that was unduly suggestive or that was administered pursuant to unfair or suggestive procedures.

Mr. Gibbs also moves to exclude any in-court identification by any witness

---

[1] Mr. Gibbs was initially arraigned on June 28, 2017. He was arraigned on the first superseding indictment on August 24, 2017. Counsel has repeatedly requested additional information regarding the photographic line ups in this case. When this discovery is received, counsel may request leave to perfect this motion.

who was previously shown the tainted photographic line-up or photograph. In support whereof Mr. Gibbs shows the Court the following:

**I.     BACKGROUND**

The indictment alleges that Mr. Gibbs committed the following robberies:

November 3, 2016 – Loan Max
November 3, 2016 – PNC Bank (Benita Alveranga and Kyre Campbell also charged)
November 28, 2016 – People's Bank (Miles Butler also charged)

The discovery in this case reveals that photographs and/or photographic arrays were utilized to identify Mr. Gibbs as a suspect in at least one of the charged robberies. Thus far, the government has provided 3 six-pack photo arrays that contain Mr. Gibb's photograph and two very dark photographs that appear to include identification information provided by a co-defendant.  It appears that one of the line-ups using the six-pack array was conducted by the Gwinnett Police Department on November 23, 2016.  It appears that no identification was made at this time[2].  It appears a second line up using the same array was conducted by the Gwinnett Police Department on December 2, 2016.  It appears that someone identified Mr. Gibbs in

---

[2]     The government initially provided part of the November 23, 2017 line up as pages 61-62 of discovery.  In this version of the line-up, someone wrote "0/NO ID" on the "photographic line-up affidavit," but in the attached photo array someone had circled Mr. Gibb's photograph in position 5.  When counsel inquired about this issue, the government produced the two line-ups at pages 8-9 and 10-11, which apparently show a "NO/ID" on November 23, 2016 and a selection of Mr. Gibbs in position 5 on December 2, 2016. (See attached Exhibits A, B, C).  Mr. Gibbs has received no further information about the circumstances surrounding either line-up interview.

2

position 5.  It also appears that a co-defendant made an identification of Mr. Gibbs from a single photograph on December 1, 2016 and also apparently identified the figure of a person inside the bank during one of the robberies as Mr. Gibbs.

Despite repeated requests, the government has yet to provide any information regarding the circumstances surrounding these identification interviews including how the identification procedure was conducted, whether the original photo arrays were color or black and white, whether the interviewee provided a description of a suspect prior to being shown any photographs, and who was present during the line-up interviews.  The government has stated there are video and/or audio recordings of at least some of the interviews but they have not yet been provided.

Without further information, Mr. Gibbs has no way of knowing whether the interview procedures were unduly suggestive or otherwise or administered in an unfair manner.  Therefore, Mr. Gibbs requests that the Court conduct a hearing to determine if any of the provided identifications were tainted by an unduly suggestive procedure. If the Court finds such evidence, he asks that any evidence regarding these out-of-court identification procedures be suppressed and he asks that the government not be permitted to solicit an in-court identification from the related witnesses because such identifications would be unreliable.

## II.     LEGAL BASIS FOR EXCLUSION

The Due Process Clause protects an accused against the admission of unreliable identification evidence. *Manson v. Brathwaite*, 432 U.S. 98, 113, 97 S.Ct. 2243, 2253 (1977). In *Foster v. California*, 394 U.S. 440 (1969), the Supreme Court recognized that, under a totality of the circumstances standard, the conduct of identification procedures may be "so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law." *Id.* at 442 (internal quotation marks omitted); *see also Simmons v. United States*, 390 U.S. 377, 384 (1968) (holding that "each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification"). The linchpin in determining the admissibility of identification evidence is reliability. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). "It is the likelihood of misidentification which violates a defendant's right to due process." *Neil v. Biggers*, 409 U.S. 188, 198 (1973).

In the Eleventh Circuit, a two-step analysis is used to determine whether the admission of an out-of-court identification violates due process. *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001) (*citing Cikora v. Dugger*, 840 F.2d 893, 895 (11th Cir. 1988)). First, a court must determine if the original identification

procedures were unduly suggestive. *Id.* Factors considered in determining whether a photo array is unduly suggestive include the size of the array, the manner of its presentation, and details of the photographs themselves. *United States v. Sanchez*, 24 F.3d 1259, 1262 (10th Cir. 1994); *United States v. Rosa*, 11 F.3d 315, 330 (2d Cir. 1993). Single photograph displays, like two of those apparently presented here, have been found to be unduly suggestive. *See United States v. Cannington*, 729 F.2d 702, 711 (11th Cir.1984). Second, if an identification procedure is found to be unduly suggestive, then a court must consider whether, under the totality of circumstances, the identification was nonetheless reliable. *Diaz*, 248 F.3d at 1102. Factors to be considered in determining reliability of an identification include: "the opportunity of the witness to view the [defendant] at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the [defendant], the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Manson*, 432 U.S. at 114; *Biggers*, 409 U.S. at 199-200. Because counsel has no idea who participated in the line-up interviews, there is no way of knowing if the person being shown the line-up ever provided a description of a suspect prior to being shown the photo array.

For all of these reasons, Mr. Gibbs requests that the Court hold a hearing to determine the admissibility of any out-of-court identification the government intends to offer as evidence at trial and to determine if any subsequent in-court identification

would be too unreliable to be admitted at trial.

    Respectfully submitted this 26th day of October 2017.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
1800 Peachtree Street
Suite 300
Atlanta, GA 30309

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

This 26th day of October 2017.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
1800 Peachtree Street
Suite 300
Atlanta, GA 30309